DOWNEY, Judge.
This case involves a property dispute between a local church and a church organization which claimed to be the parent of the local church.
The appellees, Church of God General Assembly (which has its headquarters in Cleveland, Tennessee) and Reverend H. G. Poitier (State Overseer for the Church of God General Assembly), sued the appellants (who are several clergymen, a corporation holding title to the local church property in Fort Lauderdale, Florida, and several corporate officers), alleging that appellants were representing a group of dissident members of the appellee Church of God General Assembly, and were attempting to appropriate certain property which belonged to said appellee. In addition, appellees contended that the appellee Church of God General Assembly, was a representative, republican, episcopal type or hierarchal religious organization and that local churches belonging to that organization held title to property taken and used for church related purposes for the benefit of the entire General Assembly; if a dissident group left the parent church, it could not take the local church property with it.
Appellants answered, denying the local church was ever ecclesiastically associated with appellee Church of God General Assembly and asserting that the property in question was purchased and owned by the local church group, unencumbered by any right or claim which appellees might assert.
On conflicting testimony, the trial court found that the title to all of the property of the local church, located at 211 Northwest 5 Avenue in Fort Lauderdale, Florida, and used in connection with the local church, is held in trust for appellee Church of God General Assembly. We have reviewed the entire record in this case and find ample evidence therein to substantiate the trial court’s conclusion that the property located at 211 Northwest S Avenue in Fort Lauderdale, Florida, was being held for the benefit of the appellee parent church. We also find the trial court’s conclusions of law are well supported by the following authorities: Rekas v. Polish National Catholic Church, West. Diocese, Fla.1958, 102 So.2d 705; St. John’s Presbytery v. Central Presbyterian Church, Fla.1958, 102 So.2d 714; Presbytery of Everglades v. Morgan, Fla.App.1961, 125 So. 2d 762; Church of God, etc. v. Church of God, etc, 355 Pa. 478, 50 A.2d 357 (1947). Thus, on the principal question involved herein, an affirmance is indicated.
However, the final judgment needs clarification. The second amended complaint, upon which the case went to trial, described the real property in issue as Lots 49 and 50, Dames Subdivision of Block 5, Town of Fort Lauderdale. At trial appel-lees offered in evidence deeds describing *214 said Lots 49 and 50, and also Lots 1 and 2 of Block 11 of the First Addition to Lincoln Park, Fort Lauderdale, Florida, and Lot 55 of Dame’s Subdivision of Bryan’s Subdivision of Block 5 of Fort Lauderdale, Plat Book 1, page 121, Broward County, Florida. Although appellants objected to the admissibility of the deeds other than the one to Lots 49 and 50 as being irrelevant since the complaint described only Lo'ts 49 and 50, the deeds were admitted “for their probative value, the way the property was taken”, to quote counsel for appellees. No amendment was made to the pleadings, although counsel for appellees expressly recognized in the record the need therefor, and the issue as to said other properties was not tried by consent. The final judgment held that title to all of the property of the appellant, Church of God Colored Work, Inc., used by the church in connection therewith, located at 211 Northwest 5 Avenue in the City of Fort Lauder-dale, is held in trust for the use and benefit of the appellees.
Being unable to determine from the record whether 211 Northwest 5 Avenue is the same property as that described in the second amended complaint as Lots 49 and 50, Dames Subdivision of Block 5, Town of Fort Lauderdale, recorded in Plat Book 1, page 121, we requested counsel to supplement the record with a stipulation so as to clarify the identity of the property involved in this litigation. As a result the record now demonstrates that 211 Northwest 5 Avenue is the street address of Lots 49 and 50, Dames Subdivision of Block 5, Town of Fort Lauderdale, recorded in Plat Book 1, page 121, Public Records of Bro-ward County, Florida.
Accordingly, the paragraphs numbered 1 and 2 of the decretal portion of the final judgment are modified by adding to each of said paragraphs after the address 211 Northwest 5 Avenue, in the City of Fort Lauderdale, Broward County, Florida, the following: . . the legal description of which is Lots 49 and 50, Dames Subdivision of Block 5, Town of Fort Lauder-dale, recorded in Plat Book 1, page 121, Public Records of Broward County, Florida.” In all other respects the judgment appealed from is affirmed.
Affirmed as modified.
CROSS and MAGER, JJ., concur.